DECISION
This appeal concerns the real market value (RMV) of certain residential property for the 2008-09 tax year. The property is identified in the Washington County tax records as Account R2076444.
A trial was held October 14, 2009. Stefan Dolgos and Margita Dolgos participated for Plaintiffs; Donald A. MacNicoll, County Appraiser, presented Defendant's case in chief. Steve Harris and Jack W. Graff were also present for Defendant.
 I. STATEMENT OF FACTS
The subject property is a single family residence located at 10539 NW Cassel Crest Lane in the Washington County area of Portland, Oregon. It was built in 2005 and has 3,557 square feet of living area; this size was confirmed by Defendant's recent measurements and diagrammatic evidence.
The Washington County Board of Property Tax Appeals (BOPTA) sustained Defendant's original total RMV of $736,780. Plaintiffs requested at trial a reduction to $630,000 RMV. *Page 2 
Plaintiffs' evidence consisted of an appraisal summary as of May 11, 2009, several months past the assessment date of January 1, 2008. It concluded a RMV of $650,000. The author did not participate at trial.
Defendant's expert appraiser offered a comprehensive review of pertinent market transactions. He was available at trial to answer questions and explain his adjustments. He examined three sales of comparable properties. The sales prices ranged from $800,000 to $922,000. After necessary adjustments for differences, the final values indicated were from $824,080 to $866,300. The witness reached a final reconciliation at $840,000. The analysis was offered to support the BOPTA values.
 II. ANALYSIS
The court's assignment is to determine the RMV of Plaintiffs' property as of January 1, 2008. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiffs offered information about the official assessments of other properties in the neighborhood. Some were at a much lower level. That is not relevant to the current case. This *Page 3 
court has many times repeated its holding on the subject of uniformity inEllis v. Lorati, 14 OTR 525, 535 (1999):
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * *."
The absence of assessment uniformity is not a factor to cause an assessment reduction.
Plaintiffs in this case have presented no probative evidence of adjusted market transactions that was supported by sworn testimony. Some raw sale information and general market trends were mentioned. However, there was no refinement of the mass data that would directly relate to the subject property. The third-party appraisal was at a different time and under different local conditions. It is entitled to no weight in this record. Plaintiffs' presentations consisted largely of beliefs and opinions. Those do not constitute proof of an overassessment.
Defendant's evidence, on the other hand, is of the quality necessary to support the BOPTA conclusions. The collection was based on relevant market activities, necessary adjustments, and professional expertise.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiffs in this case have not met that statutory requirement. Accordingly, their appeal must be denied.
 III. CONCLUSION
The court concludes that Plaintiffs have failed to establish by a preponderance of the evidence that any reduction in the RMV for the 2008-09 tax year is warranted. Accordingly, the *Page 4 
record RMV established by the assessor and affirmed by the board, must be, and is hereby, sustained. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of November 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November24, 2009. The Court filed and entered this document on November 24,2009.
[1] References to Oregon Revised Statutes (ORS) are to 2007. *Page 1